UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JALEN HOLMES,

                        Plaintiff,

v.                                                                     9:24-cv-01545 (AMN/DJS)

ANDREW ROSS and JOSHUA KNAPP,

                        Defendants.

---

**APPEARANCES:**                                                    **OF COUNSEL:**

**JALEN HOLMES**
22-B-5190
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716
Plaintiff *pro se*

**HON. LETITIA JAMES**                                     **OLIVIA R. COX, ESQ.**
New York State Attorney General               Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I. INTRODUCTION

On December 19, 2024, plaintiff *pro se* Jalen Holmes ("Plaintiff"), who was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at all relevant times, commenced this action pursuant to 42 U.S.C. § 1983 against Defendants Scott Carpenter, Francis Chandler, Bryant Hilton, Joshua Knapp, Dan Penree, Andrew Ross, and Justin Walker. *See* Dkt. No. 1. Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 5, 7. On March 3, 2025, the Court, on initial review pursuant to 28

U.S.C. § 1915, dismissed all but Plaintiff's Eighth Amendment excessive force claim against Defendants Ross and Knapp ("Defendants"). Dkt. No. 7 at 25-26.[1] On August 4, 2025, Defendants filed a motion for summary judgment seeking to dismiss the Complaint for failure to exhaust administrative remedies. Dkt. No. 25 ("Motion"). The parties have fully briefed the Motion. *See* Dkt. Nos. 28-30. Plaintiff also filed a motion to appoint counsel on September 10, 2025. Dkt. No. 31. This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on January 9, 2026, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that Defendants' Motion be granted and that Plaintiff's motion to appoint counsel be denied. Dkt. No. 32 at 14. Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. Plaintiff filed objections to the Report-Recommendation on February 20, 2026. Dkt. No. 33.[2]

For the reasons stated herein, the Court adopts the recommendations in the Report-Recommendation.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.
[2] For a recitation of the factual and procedural history of this action, the parties are referred to the Report-Recommendation. *See* Dkt. No. 32 at 1-2.

Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

In response to Magistrate Judge Stewart's Report-Recommendation, Plaintiff submitted a document docketed as an objection. Dkt. No. 33. However, Plaintiff's submission is untimely, restates certain allegations in the Complaint, and does not identify any objection to the analysis in

the Report-Recommendation.  *See id.*  Thus, Plaintiff has failed to adequately object to the Report-Recommendation.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (noting that a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim for appellate review).  Accordingly, the Court reviews the Report-Recommendation for clear error.

For the reasons stated below, the Court adopts the Report-Recommendation in its entirety.

**A.  Defendants' Motion**

Prior to challenging prison conditions in federal court pursuant to 42 U.S.C. § 1983, the Prison Litigation Reform Act requires an incarcerated individual to first exhaust his available administrative remedies.  *See Ross v. Blake*, 578 U.S. 632, 635 (2016) (citing 42 U.S.C. § 1997e(a)).  Magistrate Judge Stewart noted that in New York, administrative remedies consist of a three-step Incarcerated Grievance Program ("IGP"), which begins with the incarcerated individual filing a grievance within 21 calendar days of the alleged incident.  *See* Dkt. No. 32 at 5-6 (citing N.Y. Comp. Codes R. & Regs. ("NYCCR") tit. 7, § 701.5(a)(1)).  The grievance is initially reviewed by the inmate grievance resolution committee ("IGRC"); upon appeal of the IGRC's decision, it is reviewed by the facility superintendent; and upon appeal of the superintendent's decision, it is reviewed by the central office review committee ("CORC"), which makes the final administrative determination.  *See id.* at 6 (citing NYCCR §§ 701.5(b)-(d)); *see also Williams v. Corr. Officer Priatno*, 829 F.3d 118, 119 (2d Cir. 2016).  Additionally, Magistrate Judge Stewart noted that grievances regarding alleged harassment are subject to expedited review, but the regulations also require that the incarcerated individual receive a response from CORC in order to exhaust administrative review.  *See* Dkt. No. 32 at 6 (citing NYCCR § 701.8).

4

Magistrate Judge Stewart also stated that an incarcerated individual's failure to exhaust administrative remedies may be excused if such remedies were unavailable to him. *Id.* at 7-8 (citing *Ross*, 578 U.S. at 642). Magistrate Judge Stewart explained that administrative remedies may be unavailable in three potential circumstances: "(1) where the administrative procedure technically exists but operates as a 'dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) where the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use'; and (3) where prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 8 (quoting *Ross*, 578 U.S. at 643-44).

Here, Magistrate Judge Stewart concluded that Plaintiff did not exhaust his administrative remedies regarding the December 10, 2024 incident in question because a records search at Mid-State Correctional Facility indicated that Plaintiff did not file any grievances alleging that Defendants used excessive force on him on December 10, 2024 and Plaintiff appears to concede that there is no grievance on file at Mid-State. *See id.* at 7 (citing Dkt. No. 25-4 at ¶ 17; Dkt. No. 28 at ¶ 7).

Additionally, Magistrate Judge Stewart concluded that none of the exceptions outlined in *Ross* are applicable here to excuse Plaintiff's failure to exhaust administrative remedies. *See id.* at 8-9. Regarding the first two exceptions, Magistrate Judge Stewart noted that Plaintiff has filed numerous grievances at several different correctional facilities and appealed more than a dozen to CORC. *Id.* (citing Dkt. No. 25-3). Specifically, Plaintiff filed at least thirteen grievances while at Mid-State Correctional Facility, and appealed several of those grievances to CORC, which demonstrates that Plaintiff did not view the filing of grievances as a dead end and that he clearly understood the inmate grievance process and how to navigate it. *Id.* (citing Dkt. No. 25-6). Thus,

Magistrate Judge Stewart concluded that the first two *Ross* exceptions are inapplicable here. *Id.* at 9 (citing *Walker v. Ball*, No. 16-cv-437, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018); *Lurch v. Bui*, No. 19-cv-895, 2020 WL 8450543, at *5 (N.D.N.Y. Dec. 8, 2020), *report and recommendation adopted sub nom. Lurch v. Jones*, 2021 WL 392486 (N.D.N.Y. Feb. 4, 2021)).

Regarding the third exception, Magistrate Judge Stewart found that the record does not support Plaintiff's conclusory allegation that he filed grievances regarding the December 10, 2024 incident but they were not filed or submitted by the IGP. *Id.* at 9-11. "Courts in this Circuit have continuously held that mere contentions or speculation of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations." *Rodriguez v. Cross*, No. 15-cv-1079, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017), *report and recommendation adopted*, 2017 WL 2790530 (N.D.N.Y. June 27, 2017). Magistrate Judge Stewart noted that Plaintiff had not provided copies of the grievances he claims to have filed regarding the December 10, 2024 incident, despite possessing copies of other correspondence he filed with the IGP regarding the processing of grievances. Dkt. No. 32 at 10 (citing Dkt. No. 29). Magistrate Judge Stewart also noted that DOCCS records indicate that Plaintiff's other grievances which raise serious allegations regarding lack of medical care, retaliation, and Plaintiff's hand being slammed, were repeatedly processed at Mid-State Correctional Facility, and Plaintiff offered no evidence demonstrating that any grievances related to the December 10, 2024 incident would not have been processed. *Id.* at 10-11 (citing Dkt. No. 25-6). Accordingly, Magistrate Judge Stewart found that Plaintiff's conclusory statement that he filed grievances, without any documentary proof, is insufficient to withstand summary judgment. *Id.* at 10 (collecting cases).

Lastly, Magistrate Judge Stewart concluded that based on the timeline of events, Plaintiff

could not have fully exhausted his administrative remedies prior to commencing this action. *See id.* at 11-12. Given that Plaintiff filed his Complaint only nine days after the alleged incident, Magistrate Judge Stewart found that it was impossible for the entire grievance process to have run its course under any set of facts, prior to Plaintiff filing this action. *Id.* (noting that "[a]t the facility level, the IGP provides for a minimum of 16 days within which to attempt to resolve a grievance" and then "multiple appeal levels[,] each with designated amounts of time within which the appeals should be processed") (citing, *inter alia*, Dkt. No. 25-4 at ¶¶ 6-7)).

For these reasons, Magistrate Judge Stewart recommended that the Court grant Defendants' Motion.

### B. Plaintiff's Motion to Appoint Counsel

Magistrate Judge Stewart also recommended that Plaintiff's motion to appoint counsel be denied. Dkt. No. 32 at 13. "In deciding whether to appoint counsel . . . , [if] the indigent's position seems likely to be of substance . . . the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). Here, Magistrate Judge Stewart found that the issues in this case are not particularly novel or complex, they involve a single incident with only two defendants and a legal claim for which the law is fairly well-established, Plaintiff has not shown an inability to litigate this matter on his own, and further found that Plaintiff's history of litigating multiple matters is not an independent basis for appointing counsel. Dkt. No. 32 at 13.

* * *

Finding no clear error, the Court adopts Magistrate Judge Stewart's recommendation to grant Defendants' Motion and deny Plaintiff's motion to appoint counsel.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the recommendations in the January 9, 2026 Report-Recommendation, Dkt. No. 32, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 25, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel, Dkt. No. 31, is **DENIED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 2, 2026
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge